IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 27, 2012 Session

JOHN ALBERT CORDELL, JR. ET AL. V. BURL BRUCE SNYDER ET AL.

Appeal from the Chancery Court for Johnson County
No. 6188      G. Richard Johnson, Chancellor

No. E2011-02312-COA-R3-CV-FILED-OCTOBER 31, 2012

This is an action for breach of warranty of title. The court found, after a bench trial, that the defendants breached the warranty by conveying an easement which they did not own. The defendants appeal. We affirm.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed; Case Remanded

CHARLES D. SUSANO, JR., J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J. and D. MICHAEL SWINEY, J., joined.

George T. Wright, Mountain City, Tennessee, for the appellants, Burl Bruce Snyder and wife, Joyce Snyder.

H. Randolph Fallin, Mountain City, Tennessee, for the appellees, John Albert Cordell, Jr., and wife, Susan Cordell.

OPINION

I.

On or about September 11, 2000, Burl Bruce Snyder and wife, Joyce Snyder (collectively "the Sellers"), conveyed to John Albert Cordell, Jr., and wife, Susan Cordell (collectively "the Buyers"), approximately two acres of land situated a "stone's throw" from Watauga lake. The deed from the Sellers to the Buyers purports to convey an access easement to the lake in the following terms:

> ALSO CONVEYING that easement described in Deed for
> Easement from Weston J. Olberg to Taylor Charles Phillips et

ux dated June 2, 1978 recorded in the Register's office for Johnson County, Tennessee in Deed Book 93, page 915.

The deed contains the following warranty of title:

> The [Sellers] covenant that they are lawfully seized and possessed of said property, that they have a lawful right to convey the same, and that the same is unencumbered; and they further warrant and defend the title to said property against the lawful claims of all persons whomsoever.

The Buyers made it abundantly clear to the Sellers that lake access by vehicle was essential to the purchase. The parties walked the purported easement leading from the property to the lake. It appeared to be an old roadbed. Shortly after the closing two things happened on the old roadbed. Tom Phillips dumped some dirt in the roadbed. At the Buyers' urging, the Sellers contacted Phillips to ask him to remove the dirt. Phillips refused. Furthermore, sometime after Phillips dumped the dirt, another property owner named Hermes constructed a boat dock and cut away a portion of the old roadbed. This completely eliminated any ability of the Buyers to access the lake along the purported easement.

The Buyers filed an action against Hermes and others ("the first action") to establish the easement described in their deed from the Sellers. The Sellers were not made parties to the first action, but in the present action Mr. Cordell testified without objection about the substance of the first action and the results of that action. In fact, he was questioned at some length on cross-examination about the court's specific findings in the first action. The Buyers instituted the first action in about 2002 after being forced to find a second attorney. The first action ended unsuccessfully in 2008. The court found in the first action that Olberg, named in the deed from the Sellers to the Buyers as the source of the easement, did not own the land over which Olberg purported to convey an easement.

After the short bench trial in the present action, the court announced the following findings from the bench:

> The . . . [S]ellers warranted that they had this described right-of-way from their, bounds of their proper[ty] down to the lake. They sold something that didn't exist. They sold something they didn't have. And they sold this property on the sole basis that they had the right-of-way. They don't.

The difference in value of their property with the right-of-way and without the right-of-way obviously decreases. And the Court finds that without the right-of-way that the property decreased in the sum of $45,150. . . .

The Sellers then asked the court "for a specific ruling on the issue of laches." The court found that "laches is inapplicable" because of the absence of "any evidence that anyone has been damaged or prejudiced." The court also noted that the first action took some time from filing to judgment and that the Buyers lived in Florida and only used the property "about twice a year." The court further found that laches "is an . . . affirmative defense, and it was not pled." The court entered a final judgment consistent with its findings, from which the Sellers appeal.

II.

The Sellers articulate the following issues:

Whether the evidence supports the finding of the trial court that, at the time [the Buyers] purchased the subject property from [the Sellers] . . . that an easement or right-of-way from the property running to the waters of Watauga Lake did not exist.

Whether the trial court erred in assessing damages against [the Sellers] for breach of warranties under a general warranty deed conveying an easement for access to the waters of Watauga Lake, when, at the time of conveyance, there was in fact an easement physically located leading to the waters of Watauga Lake from the subject property and possession was actually transferred to [the Buyers] although the easement was later physically blocked and subsequently buried by a third party who was not a party to the transfer of the property.

Whether the trial court erred in finding that the doctrine of laches did not apply although sufficient allegations were made in the pleadings to raise the issue of laches and sufficient evidence presented in the record to establish laches by [the Buyers], resulting in prejudice to [the Sellers].

III.

Where the trial court decides a case on the merits after hearing it without a jury, we review its findings of facts de novo upon the record accompanied by a presumption of correctness unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *In re Angela E.*, 303 S.W.3d 240, 246 (Tenn. 2010). "Questions of law . . . are reviewed de novo with no presumption of correctness." *Id*. The application of the doctrine of laches "in the first instance lies within the discretion of the trial court and it will not be reversed except upon a showing of an abuse of discretion." *Brown v. Ogle*, 46 S.W.3d 721, 727 (Tenn. Ct. App. 2000).

IV.

We can combine our discussion regarding the first and second issues because the Sellers' argument as to each issue suffers from the same misconception. The Sellers assume and want this Court to hold that simply because there was an old open roadbed and some semblance of a visible means of access to the lake from the subject property, there was a valid and existing easement on the date of the conveyance. As found by the trial court, that simply is not true. The evidence does not preponderate against the trial court's finding that the Sellers purported to convey something that they did not own. It does not matter that, at the time of the conveyance, the path to the lake was something over which a vehicle could travel; it was either a legally enforceable easement or it was not. The trial court found that it was not. We reiterate that the evidence does not preponderate against the trial court's finding.

The Sellers argue that the trial court erred in refusing to find that the present action is barred by the doctrine of laches. Their argument rests primarily on the thought that the Buyers knew shortly after they closed on the property that Phillips was dumping dirt on the old roadbed. The Buyers testified, however, that the amount of dirt was minimal and that the defendant Mr. Snyder assured them they would have Phillips move the dirt. They further testified that the real problem was the boat dock on Hermes' land and the excavation of the roadbed to completely eliminate access to the lake by and through the old roadbed. The Buyers tried to deal with the problem by filing an action against Hermes and others only to find that Olberg, from whom their purported easement derived, did not ever own the land over which he attempted to convey an easement. There are two indispensable elements to a defense of laches. *Brown*, 46 S.W.3d at 726. They are inexcusable delay and prejudice to the party invoking laches. *Id*. The trial court obviously did not view the delay as inexcusable. Even if we treat the delay in filing this action as inexcusable, we could not find any error in the trial court's specific finding that the delay caused no prejudice to the Sellers. The trial court is correct that there was no evidence introduced at trial of prejudice to the

-4-

Sellers.  The small mound of dirt dumped on the old roadbed is insignificant in light of the fact that Sellers and then the Buyers had no legal right to use the old roadbed.  We hold that there was no abuse of discretion in the trial court's refusal to apply the doctrine of laches.

V.

The judgment of the trial court is affirmed.  Costs on appeal are taxed to the appellants, Burl Bruce Snyder and wife, Joyce Snyder.  This matter is remanded, pursuant to applicable law, for enforcement of the trial court's judgment and for collection of costs assessed by the trial court.

_____
CHARLES D. SUSANO, JR., JUDGE